UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO-22-20080-CR-ALTMAN

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

JORMAN JOSE GOITIA,
    Defendant.

_____

### DEFENDANT GOITIA'S UNOPPOSED MOTION TO CONTINUE 4/25/22 TRIAL PERIOD

Defendant Jorman Jose Goitia ("Goitia"), by and through undersigned court-appointed counsel, respectfully moves this Honorable Court for an Order continuing the April 25, 2022 two-week trial period, and states:

1. On March 16, 2022, this Honorable Court entered its Trial Order [ECF No. 14] scheduling this cause for trial during the two-week period commencing April 25, 2022. A calendar call is set for 1:30 p.m. on April 19, 2022.

2. A grand jury handed down the indictment in this case on March 2, 2022. The indictment alleges violations of Title 46, the Maritime Drug Law Enforcement Act ("MDLEA") [ECF No. 9]. On March 7, 2022, Goitia had his arraignment before The Honorable Alicia M. Otazo-Reyes. [ECF No. 11].

3. Plaintiff United States of America ("Government") responded yesterday to the Standing Discovery Order ("SDO"). The discovery material is extensive and must be reviewed carefully, including in person with Goitia, to ensure effective assistance of counsel.

1

4. This Honorable Court has set a deadline of April 12, 2022 for the filing of pretrial motions and motions in limine. There are only a few weeks left prior to that deadline. Undersigned counsel does not believe the time remaining before that deadline will be sufficient for him to effectively accomplish all work needed, including whether there are potential viable defenses to the charges. Additionally, in Title 46 cases a threshold issue is whether a district court has subject-matter jurisdiction. Title 46 has its own specific requirements to establish jurisdiction in a federal court. Once the undersigned has been able to review all the discovery, and have in-person conferences with Goitia, the filong of a motion to dismiss may be warranted which also will require an evidentiary hearing.

5. There is one particular factor complicating the undersigned's work in this case. As a newer inmate housed at FDC-Miami, Goitia has been subject to a pandemic quarantine. Therefore, the undersigned has not been able to schedule an in-person visit with Goitia so far. In-person visits are critical for the undersigned to effectively communicate with Goitia and gather facts necessary to proceed on such important issues as jurisdiction and other potential defenses.

6. Pursuant to Local Rule 88.9, the undersigned has conferred with Michele Vigilance, the Assistant United States Attorney assigned to this case, about the Government's position as to a first trial continuance. Pursuant to this Court's Trial Order [ECF No.14], the undersigned has spoken with Ms. Vigilance on the telephone regarding this issue. Ms. Vigilance kindly stated the Government does not oppose a trial continuance until after June 20, 2022. Ms. Vigilance notes that she has an irreconcilable conflict between April 15-May 3, 2022, and she requests that any new trial date not be scheduled during that period. The undersigned also has conferred with defense counsel for the two co-defendants, Jose Antonio Rodriguez and Daribel Sanchez, and

both attorneys stated that they do not oppose a trial continuance until at least June 20, 2022.

WHEREFORE, Defendant Jorman Jose Goitia respectfully moves this Honorable Court for an Order continuing the April 25, 2022 two-week trial period until a new trial period no earlier than June 20, 2022.

        Respectfully submitted,

        / s / Martin A. Feigenbaum
        Florida Bar No. 705144
        P.O Box 545960
        Surfside, Florida 33154
        Telephone: (305) 323-4595
        Facsimile:  (844) 274-0862
        Email: innering@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Continue was furnished this 18th day of March, 2022, by the CM/ECF system to all persons entitled to electronic notice in this cause.

        / s / Martin A. Feigenbaum